IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Carlos Simmons, #211859,           ) | |
| ) | Civil Action No. 6:08-400-GRA-WMC |
| Plaintiff,   ) | |
| ) | |
| vs.           ) | **ORDER AND** |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| SCDC Lieber CI,            ) | |
| ) | |
| Defendant.   ) | |
| ) | |

   This matter is before the court on the defendant's motion to dismiss (doc. 23) and the plaintiff's motion to amend his complaint (doc. 37). The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

   The plaintiff alleges a myriad of claims against the South Carolina Department of Corrections ("SCDC"). On December 3, 2008, the defendant filed a motion to dismiss, arguing that it is entitled to Eleventh Amendment immunity. By order filed on December 4, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 31, 2008, the plaintiff filed his opposition to the motion to dismiss, arguing that the defendant had not properly responded to his complaint. On March 18, 2009, the plaintiff a motion to amend his complaint. The

plaintiff attached to his motion his proposed amended complaint, which names SCDC Director Ozmint and SCDC employees at Lieber Correctional Institution as defendants. The proposed amended complaint alleges causes of action for medical malpractice, deliberate indifference, and assault and battery.

### *Motion to Dismiss*

The SCDC is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept*., 195 F. Supp. 516, 517 (E.D.S.C. 1961). Based upon the foregoing, the SCDC's motion to dismiss should be granted.

### *Motion to Amend*

Federal Rule of Civil Procedure 15(a) provides that: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under the rule's liberal construction, motions to amend should be granted absent extraordinary circumstances. Such circumstances include undue delay, bad faith or dilatory

motive, a repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'If proposed claims are untimely, unexhausted, procedurally defaulted, or if they otherwise fail as a matter of law, amendment should be denied as futile.'" *Al-Haqq v. Brown*, C.A. No. 8:05-3215-HMH-BHH, 2006 WL 2622533, at *6 (D.S.C. 2006).

Here, the defendant has filed a responsive pleading (the motion to dismiss). However, under the rule's liberal construction, this court finds that the plaintiff's motion to amend should be granted as there do not appear to be any extraordinary circumstances. Accordingly, the Clerk of Court is directed to file the plaintiff's proposed amended complaint as his amended complaint.

Based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend (doc. 37) is granted; and

IT IS RECOMMENDED that the defendant's motion to dismiss (doc. 23) be granted.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

March 24, 2009

Greenville, South Carolina