IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Carlos Simmons, #211859, ) | |
| ) | Civil Action No. 6:08-400-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| Director Jon Ozmint, Sgt. Wilson,, ) | |
| Capt. Clock, Ofc. Walsh, Sgt. Jones, ) | |
| Sgt. Myers, Major Montel, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for partial summary judgment (doc. 101). The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff originally filed this action on February 4, 2008, against one defendant, "SCDC Lieber CI." On December 3, 2009, defendant SCDC Lieber Correctional Institution ("SCDC") filed a motion to dismiss based on Eleventh Amendment immunity. The plaintiff filed an opposition to the motion to dismiss on December 31, 2008. Thereafter, the plaintiff filed a motion to amend his complaint. The plaintiff's proposed amended complaint named new defendants, including SCDC Director Jon Ozmint and SCDC employees (including some who work at Leiber), but did not name the SCDC as a defendant.

On March 24, 2009, this court recommended that the SCDC's motion to dismiss the plaintiff's original complaint be granted. This court further granted the plaintiff's motion to amend his complaint. On July 28, 2009, The Honorable G. Ross Anderson, Jr., Senior United States District Judge, adopted this court's recommendation and dismissed the SCDC from this action. As noted above, the amended complaint does not name the SCDC as a defendant. Accordingly, the SCDC is no longer a party to this lawsuit and has been stricken from the caption of this case. The remaining defendants in this action are SCDC Director Jon Ozmint and certain SCDC employees. The plaintiff alleges causes of action in his amended complaint for medical malpractice, deliberate indifference, and assault and battery.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. At 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to genuine issue. *Id*. At 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp*., 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment motion. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

In his motion for summary judgment, the plaintiff argues that there is no issue of material fact and that summary judgment should be granted as to his claim that the defendants "knowingly and wilfully violated their own policy/procedure in not providing to plaintiff meal equal to a value of $1.89 starving plaintiff" (pl. m.s.j. 1-2). He claims the meals he has been served at Leiber make him sick and do not meet nutritional standards. The plaintiff submitted his own affidavit and that of another SCDC inmate, Terell Bryan.[1] Both

---

[1] Terell Bryan states in his affidavit that he is currently an inmate at Perry Correctional Institution, but that he has been incarcerated in the past at Lieber - the last time being in 2007. The plaintiff states in his affidavit that he was served bag lunches from December 18, 2007, until January 3, 2008.

the plaintiff and Bryan testified that the bag lunches at Lieber are "not equal to a value of $1.89. At the most the bag lunches are valued at something less than $1.00."

The defendants deny the plaintiff's allegations and argue that the plaintiff has not established as a matter of fact what the cost of the food served to inmates *should* be, nor has he established *the actual cost* of what he was served. This court agrees. The plaintiff and Bryan have established absolutely no foundation or qualification for their testimony. Accordingly, the plaintiff has failed to meet his burden of demonstrating to the district court that there is no genuine issue of material fact.

Based upon the foregoing, it is recommended that the plaintiff's motion for partial summary judgment (doc. 101) be denied.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

August 28, 2009

Greenville, South Carolina