IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Carlos Simmons, #211859, | ) | |
| | ) | C/A NO. 6:08-cv-00400-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Director Jon Ozmint, Sgt. Wilson, | ) | (Written Opinion) |
| Capt. Clock, Ofc. Walsh, Sgt. Jones, | ) | |
| Sgt. Myers, Major Montel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court pursuant to Plaintiff's motion, filed on September 2, 2009, to stay proceedings in this case until his release from the South Carolina Department of Corrections on October 31, 2009. For the reasons stated herein, this Court DENIES Plaintiff's motion.

## Background

Plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights have been violated. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), Magistrate Judge William M. Catoe was assigned to review all pretrial matters in this case and submit findings and recommendations to this Court. Although the South Carolina Department of Corrections ("SCDC") was originally the named Defendant in this action, the SCDC has since been dismissed and stricken from the caption of this case. Pursuant to Plaintiff's Amended Complaint, the remaining Defendants in this

action are SCDC Director Jon Ozmint and certain SCDC employees. Plaintiff alleges causes of action in his Amended Complaint for medical malpractice, deliberate indifference, and assault and battery.

Plaintiff has filed two motions before the magistrate that are relevant to this Order. First, Plaintiff moved for default judgment against original Defendant SCDC for failure to timely file an answer to the Original Complaint. In his first Report and Recommendation, the magistrate found that original Defendant SCDC filed a responsive pleading in a timely fashion. Plaintiff had until September 8, 2009, to file objections to this Report and Recommendation. Second, Plaintiff filed a motion for partial summary judgment against the current Defendants. In his second Report and Recommendation, the magistrate recommended denying Plaintiff's motion. Plaintiff has until September 17, 2009, to file objections to this report.

On September 2, 2009, within the objections period for both Reports and Recommendation, Plaintiff filed the current motion. Specifically, Plaintiff alleges the following: that on July 13, 2009, SCDC staff tried to kill him; that from July 13, 2009, through July 25, 2009, his lips and head were injured; and that he was rushed to Greenville Memorial Hospital and held in intensive care for four days. Due to these alleged injuries, Plaintiff claims he is not up to his normal strength and requests that this case be stayed until his release from custody, which Plaintiff claims is October 31, 2009.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Whether to grant a motion to stay is within this Court's discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). *See also Richardson v. Robinson*, 238 Fed. App'x 989 (4th Cir. 2007) (holding that a district court did not abuse its discretion by denying motion for a stay and granting extension of time). Additionally, if an extension is requested before the time for filing a responsive pleading expires, this Court has the discretion to enlarge the time period to respond upon good cause shown. Fed. R. Civ. P. 6(b)(1)(A).

## Discussion

This Court concludes that Plaintiff's arguments do not warrant a stay in this case. According to Plaintiff's letter, he was out of the hospital by at least August 1, 2009, which was more than fifteen days before the magistrate filed his first Report and Recommendation. Additionally, although Plaintiff claims he is not up to his normal strength, he managed to successfully draft and file a motion before objections were due to either Report and Recommendation.

However, out of an abundance of caution and because Plaintiff filed his motion within the objections period for each report, this Court will allow Plaintiff additional time to respond to each Report and Recommendation. Plaintiff has until September 18, 2009, to respond to the magistrate's first report regarding his motion for default judgment. Plaintiff has until September 28, 2009, to respond to the magistrate's second report regarding his motion for partial summary judgment. In order to file his objections, Plaintiff need only hand them to the mailing facility at his prison. *See Houston v. Lack*, 487 U.S. 266 (1988). If Plaintiff files his objections beyond September 18, 2009, to the first report, or beyond September 28, 2009, to the second report, this Court will consider them untimely.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Proceedings is DENIED.

IT IS FURTHER ORDERED that Plaintiff has until September 18, 2009, to respond to the Report and Recommendation filed August 18, 2009, Docket Number 115.

IT IS FURTHER ORDERED that Plaintiff has until September 28, 2009, to respond to the Report and Recommendation filed August 28, 2009, Docket Number 118.

IT IS SO ORDERED.

**[Signature block on next page.]**

_G. Ross Anderson, Jr._
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
September 9 , 2009

### **<u>NOTICE OF RIGHT TO APPEAL</u>**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**