UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Carlos Simmons, #211859, ) | |
| ) | C/A No.: 6:08-cv-00400-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Director Jon Ozmint, Sgt. Wilson, ) | |
| Capt. Clock, Ofc. Walsh, Sgt. Jones, ) | |
| Sgt. Myers, Major Montel, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court to review Magistrate Judge William M. Catoe's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on August 28, 2009. The magistrate recommends that this Court deny Plaintiff's Motion for Partial Summary Judgment. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff moved for summary judgment on June 11, 2009, alleging there was no issue of material fact and that summary judgment should be granted as to his claim that Defendants starved Plaintiff by violating their own policy or providing meals worth $1.89. The magistrate judge recommended denying Plaintiff's motion in its August 28, 2009, Report and Recommendation. Plaintiff originally had until September 17, 2009, to file objections to this report. On September 2, 2009, Plaintiff asked this Court to stay the case until his release from prison. The Court denied that motion, but in an abundance of caution it gave Plaintiff until September 28, 2009, to file objections to the magistrate's

Page 1 of 3

August 28, 2009, report. On September 28, 2009, Plaintiff requested a forty-five-day extension from this Court to file objections. The Court denied Plaintiff's request, and Plaintiff filed no objections within the Court's enlarged deadline.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). As noted above, Plaintiff did not file any objections.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT Plaintiff's Motion for Partial Summary Judgment is DENIED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 1, 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**