IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Carlos R. Simmons, #211859,<br>aka Carlos Simmons,<br>　　　　　　　Plaintiff,<br>vs.<br>Director Jon Ozmint, et al.,<br>　　　　　　　Defendants. | Civil Action No. 6:08-400-GRA-WMC<br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

　　　　　This action was filed on February 7, 2008. At the time, the plaintiff was incarcerated at the Perry Correctional Institution within the South Carolina Department of Corrections. In August 2009, this court recommended that the plaintiff's motion for default judgment (doc. 16) and motion for partial summary judgment (doc. 101) be denied. The plaintiff's objections to the recommendations were due on September 8 and 17, 2009, respectively. On September 2, 2009, the plaintiff filed a motion to stay the case until October 31, 2009, his projected release date. By order filed September 9, 2009, the Honorable G. Ross Anderson, Jr., Senior United States District Judge, denied the motion to stay and gave the plaintiff through September 18, 2009, to file his objections regarding the motion for default judgment, and through September 28, 2009, to file his objections regarding the motion for partial summary judgment. Subsequently, on September 25, 2009,

and October 1, 2009, respectively, Judge Anderson adopted the recommendations and denied both motions.[1] On December 4, 2009, the defendants filed a motion to dismiss for failure to prosecute, stating that the plaintiff had been released from custody on October 31, 2009, and had failed to keep the court apprised of his current address, as directed. On December 7, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss and the possible consequences if he failed to respond adequately. On December 11, 2009, the envelope containing the *Roseboro* order, which had been mailed to the plaintiff's last known address (Perry Correctional Institution, 430 Oaklawn Road, Pelzer, SC 29669) was returned to the court indicating that the plaintiff had been released.

The record reveals that the plaintiff was advised by order dated February 25, 2008 (doc. 5) of his responsibility to notify the court *in writing* if his address changed.

The plaintiff has had no contact with the court since September 28, 2009, and his current whereabouts are unknown. Therefore, it appears he no longer wishes to pursue this action. Accordingly, it is recommended that the defendants' motion to dismiss (doc. 133) be granted and this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

                                                          WILLIAM M. CATOE
                                                          UNITED STATES MAGISTRATE JUDGE

January 20, 2010

Greenville, South Carolina

---

[1] The plaintiff filed a motion for extension of time to respond on September 28, 2009; however, Judge Anderson denied that motion on September 30, 2009.